BLOSS *v.* FEDERATED PUBLICATIONS, INC.

OPINION OF THE COURT.

**1.** NEWSPAPERS—PRIVATE ENTERPRISE—ADVERTISING.

The business of publishing a newspaper is a strictly private enterprise, and its publisher is under no legal obligation to sell advertising to all who would buy it.

**2.** SAME—THEATER ADVERTISING—DISCRIMINATION.

Defendant newspaper publisher's refusal to accept theater operator's advertising *held*, not actionably discriminatory, where the advertising did not meet the published standards of defendant for motion picture advertising, and during the time plaintiff's advertisements were printed, defendant's staff had to expend a disproportionate amount of time to make them acceptable; and failure of plaintiff to show that defendant deviated from this policy is fatal because the essential element of discrimination is lacking.

SEPARATE OPINION.

SOURIS, J.

*See headnote 1.*

DISSENTING OPINION.

ADAMS, J.

**3.** NEWSPAPERS—SUMMARY JUDGMENT—ADVERTISING—PRIVATE ENTERPRISE.

*Trial court's grant of defendant's motion for summary judgment, which sought to test the validity of the legal proposition*

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 39 Am Jur, Newspapers and Press Associations § 22.
Right of publisher, newspaper, or magazine to refuse advertisement. 87 ALR 979.
[3, 6] 39 Am Jur, Newspapers and Press Associations § 22; 41 Am Jur, Pleading §§ 340–342.
[4] 5 Am Jur 2d, Appeal and Error § 545.
[5] 39 Am Jur, Newspapers and Press Associations § 22.

that since defendant published a newspaper, a private enter-
prise, its publisher is under no obligation to sell advertising
to plaintiff theater operator, was error, since a newspaper
business might not necessarily be a purely private enterprise,
especially if it held out its columns for advertising to the
public.

4. SAME—COURTS—FACTUAL ISSUES—PLEADING.
   Court of Appeals' passing, even arguendo, upon a factual issue
   that theater advertising does not meet defendant newspaper's
   standards of decency is not appropriate, since issue was not
   admitted by plaintiff theater owner or raised by defendant's
   motion for summary judgment in action to compel defendant
   to accept and publish plaintiff's advertisements.

5. SAME—ADVERTISING—PUBLIC INTEREST.
   Political candidates, commercial enterprises, and governmental
   units may have the right to insist upon access to newspaper
   advertising upon equal terms where a newspaper controls the
   sole means of daily paid printed communication within a given
   area and the newspaper has held itself out generally to the
   public as affording such means of communication, subject to
   its rules and regulations.

6. SAME—SUMMARY JUDGMENT—ADVERTISING.
   Summary judgment in favor of defendant newspaper publisher,
   where plaintiff theater operator complained that defendant
   refused to accept advertising of his motion picture shows, and
   plaintiff sought mandatory injunctive relief on theory that de-
   fendant was in business affected with a public interest and
   could not refuse such advertising, was error, because trial is
   required to determine if in fact defendant had conducted its
   newspaper business as a purely private one with no holding out
   to the public of its advertising columns, and if in fact plaintiff
   had failed to meet published standards of decency for motion
   picture advertising.

Appeal from Court of Appeals, Division 3; Hol-
brook, P. J., Fitzgerald, and J. H. Gillis, JJ., affirm-
ing Calhoun, Coleman (Creighton R.), J.  Submitted
December 5, 1967.  (Calendar No. 36, Docket No.
51,654.)  Decided April 1, 1968.

5 Mich App 74, affirmed.

Complaint by Floyd C. Bloss against Federated Publications, Inc., a Delaware corporation, for mandatory injunctive relief to compel defendant to accept and publish advertising offered to it by plaintiff. Summary judgment for defendant. Judgment affirmed by Court of Appeals. Plaintiff appeals. Affirmed.

*Hillman, Baxter & Hammond,* for plaintiff.

*Sullivan, Hamilton & Ryan,* for defendant.

BLACK, J. I vote to affirm. As pointed out by Division 3, 5 Mich App 74, all authoritative precedent, opposed only by a decision made in 1919 by a *nisi prius* court, *Uhlman v. Sherman,* 22 Ohio NP (NS) 225 (31 Ohio Dec 54), rules that the business of publishing a newspaper is a strictly private enterprise and that the publisher thereof is under no legal obligation to sell advertising to all who would buy it.

Plaintiff's derivative contention, that the defendant publisher has actionably discriminated against him,* is answered properly by a portion of Judge HOLBROOK's opinion which, in my view, should be expressly indorsed (5 Mich App 74, 84):

"*Arguendo,* even under *Uhlman, supra,* plaintiff must fail. Defendant's refusal to publish plaintiff's advertising was because the advertising did not meet the published standards of defendant for motion picture advertising, and during the time plaintiff's

---

* Plaintiff presents the contention by this stated question:

"When a newspaper, which is the only daily paper in a community of approximately 125,000 persons, has theater advertising space to sell, has it a right to discriminate against one local theater owner by refusing to accept his advertising when in his application for advertising he complies with the law and the reasonable rules of the newspaper in reference to the character of its advertising, and also tenders the regular and ordinary fee charged therefor by the newspaper?"

advertisements were printed, defendant's staff had to expend a disproportionate amount of time to make them acceptable. The failure of plaintiff to show that defendant deviated from this policy is fatal because the essential element of discrimination is lacking."

Defendant should have costs.

DETHMERS, C. J. and KELLY, T. M. KAVANAGH, O'HARA, and BRENNAN, JJ., concurred with BLACK, J.

SOURIS, J. (*concurring*). I concur in affirmance for the reasons set forth in the first paragraph of Mr. Justice BLACK's opinion.

ADAMS, J. (*dissenting*). This case is before us to review grant of defendant's motion for summary judgment. Plaintiff filed a sworn bill of complaint. Plaintiff moved for a preliminary injunctive order. Defendant filed an *unsworn* answer by its attorney to the motion for preliminary injunctive order and recited therein that it was "answering plaintiff's complaint in its character as an affidavit or petition as the basis for the motion for preliminary injunctive order".

Defendant's motion for summary judgment was not supported by affidavits or any sworn pleadings whatsoever. It was based upon the sole proposition that defendant's "newspaper being [was] a purely private business and, therefore, free to contract with and do business with whomsoever the publishers thereof see fit, and conversely, free to refuse to contract with and do business with any parties they choose to reject."

The motion for summary judgment does not purport to controvert plaintiff's complaint:

"4. That the plaintiff has received from the management of the Battle Creek Enquirer and News a copy of the defendant's 'Standards of The Enquirer and News, Battle Creek, Michigan, for Theater and Entertainment Advertising,' a copy of which is attached hereto as exhibit A, and that although the plaintiff has presented and will continue to present advertising copy to defendant's newspaper's management subject to said 'Standards' or subject to other reasonable regulations imposed on all similar advertisers, nevertheless, the defendant, by the management of the said newspaper has refused to accept advertising of any type or form, whether conforming to the said 'Standards' or not. A copy of said refusal evidenced by a letter dated November 3, 1964, sent by the general manager of the said newspaper to the plaintiff, is attached hereto as exhibit B.

"5. That the defendant's Battle Creek Enquirer and News is presently the only daily newspaper published in or around the city of Battle Creek, Michigan; that said newspaper has a circulation of approximately 40,000 persons, and covers a geographical area of approximately 4 counties in southwestern Michigan and reaches a population of approximately 125,000 people and as such enjoys a general dependence upon it by the public, and is thereby clothed with a public interest as evidenced by legislative regulations and also by being the principal source of local and national news, weather reports, sheriff's sales, proceedings of city and county governmental units and their financial reports, sales of county and municipal bonds, notices of reception of bids for public contracts, rates of taxation, appointment of fiduciaries, notices of service of process by publication and other kinds of public and legal notices required to be published in newspapers by the Michigan legislature as well as being the sole source of commercial advertising for a substantial number of business establishments located within or near the city of Battle Creek.
\* \* \*

"8. That the said Battle Creek Enquirer and News has continued to carry advertising of all other theaters located in the Battle Creek area regardless of the name or character of the films advertised; that the defendant's action is undertaken for the sole purpose of driving plaintiff out of business, all of which conduct deprives plaintiff of the equal protection of the laws and due process of law guaranteed him under the Constitution of the State of Michigan and the Constitution of the United States.

"9. That the plaintiff has at all times relevant hereto repeatedly tendered advertising to the defendant's newspaper conforming to the newspaper's published standards, including advertisements limited solely to the name, address and telephone number of the Eastown theatre, but that defendant has continuously refused to accept any such advertising whatsoever."

Defendant's motion for summary judgment merely sought to test the validity of the one legal proposition previously quoted. This is all that is before us for review or that was before the Court of Appeals —5 Mich App 74. Consequently, I do not believe it was appropriate for Judge HOLBROOK—even *arguendo*—to pass upon a factual issue which was not admitted by plaintiff or raised by defendant's motion for summary judgment, nor do I believe this Court should indorse, at this time, this statement of Judge HOLBROOK because there is no basis in fact for such a finding in the present posture of this case.

As to the legal issue, I cannot agree to the sweeping proposition that a "newspaper being [is] a purely private business and, therefore, free to contract with and do business with whomsoever the publishers thereof see fit, and conversely, free to refuse to contract with and do business with any parties they choose to reject." The question has never been decided in this State. We need not decide it now.

Certainly our decision should not be so broadly stated as to preclude future plaintiffs—political candidates, commercial enterprises, governmental units —from the right to insist upon access to newspaper coverage upon equal terms where a newspaper controls the sole means of daily paid printed communication within a given area and the newspaper has held itself out generally to the public as affording such means of communication, subject to its rules and regulations. The issue in this case is not one of freedom of the press to control its news columns but, rather, the right of one person to have published in a newspaper paid advertising upon the same terms and conditions the newspaper has set for other like persons.

I would remand for a determination as to whether or not *in fact* the defendant had conducted its newspaper business as a purely private one with no holding out to the public of its columns for advertising, as to whether or not *in fact* plaintiff had failed to meet the publishing standards of defendant for motion picture advertising, and any other proper issues of fact which may be developed in the usual course of pleading, pretrial and trial.